## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **WILLIAM D. HUGHLEY**<br><br>    **Plaintiff,**<br>  **vs.**<br><br>**UPSON COUNTY BOARD OF COMMISSIONERS, CHRISTOPHER C. EDWARDS (official and individual capacity), W. FLETCHER SAMS (official and individual capacity), TOMMY R. HANKINSON (official and individual capacity), and ROBERT MALLORY CRAWFORD (official and individual capacity)**<br>            **Defendant.** | )<br>)<br>)<br>)   **CASE NO.**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** WILLIAM D. HUGHLEY (hereinafter "Plaintiff"),

Plaintiff in the above-styled case and files his complaint showing the Court

the following:

## SUMMARY OF ACTION

1.

This is an action for damages and jury trial against Defendants Upson County Board of Commissioners (hereinafter "The Board"), W. Fletcher Sams (hereinafter "Judge Sams"), Tommy R Hankinson (hereinafter "Judge Hankinson"), Christopher C. Edwards (hereinafter "Judge Edwards"), and Robert Mallory Crawford (hereinafter "Judge Crawford") arising under the following statutes:

2.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e, et seq., and 42 USC 1981A ("Title VII"). The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981"). The Civil Rights Act of 1877, 42 U.S.C. § 1983 ("1983"). The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., ("ADEA"). The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The 2nd Amendment of the United States Constitution.

MICHAEL O. MONDY, P.C.

**JURISDICTION**

3.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that it involves a Federal question arising under the laws of the United States.

**PARTIES**

4.

Plaintiff is an African-American man and is 52 years of age. Plaintiff worked for The Board, Judge Edwards, Judge Crawford, Judge Hankinson, and Judge Sams as a Magistrate Judge for twenty-two years. Plaintiff's employment was terminated by The Board, Judge Edwards, Judge Crawford, Judge Hankinson, and Judge Sams on August 5th, 2013.

5.

The Board is made up of four District Commissioners and a Chairman at-large. The Board governs a county called Upson County. Upson County was created on December 15, 1824. The Board's principal place of business is located at 106 E. Lee Street, Suite 110, Thomaston, Georgia 30286.

6.

Judge Edwards is a Caucasian man. Judge Edwards is an elected Superior Court Judge in the Griffin Judicial Circuit. From time to time, Judge Edwards performs the administrative duty of hiring a Magistrate Judge recommended by the Chief Magistrate Judge. Judge Edward is being sued in his official and individual capacity. Judge Edwards is acting under color of law during all relevant times listed in this complaint. Judge Edwards's principal place of business is located at the Fayette County Justice Center, One Center Drive, Fayetteville, Georgia 30214.

7.

Judge Crawford is a Caucasian man. Judge Crawford is an elected Superior Court Judge in the Griffin Judicial Circuit. From time to time, Judge Crawford performs the administrative duty of hiring a Magistrate Judge recommended by the Chief Magistrate Judge. Judge Crawford is being sued in his official and individual capacity. Judge Crawford is acting under color of law during all relevant times listed in this complaint. Judge Crawford's principal place of business is located at the Fayette County Justice Center, One Center Drive, Fayetteville, Georgia 30214.

8.

Judge Hankinson is a Caucasian man. Judge Hankinson is an elected Superior Court Judge in the Griffin Judicial Circuit. From time to time, Judge Hankinson performs the administrative duty of hiring a Magistrate Judge recommended by the Chief Magistrate Judge. Judge Hankinson is being sued in his official and individual capacity. Judge Hankinson is acting under color of law during all relevant times listed in this complaint. Judge Hankinson's principal place of business is located at the Spalding County Courthouse at 132E. Solomon Street, Griffin, Georgia 30223.

9.

Judge Sams is a Caucasian man. Judge Sams is an elected Superior Court Judge in the Griffin Judicial Circuit. From time to time, Judge Sams performs the administrative duty of hiring a Magistrate Judge recommended by the Chief Magistrate Judge. Judge Sams is being sued in his official and individual capacity. Judge Sams is acting under color of law during all relevant times listed in this complaint. Judge Sams principal place of business is located at the Fayette County Justice Center, One Center Drive, Fayetteville, Georgia 30214.

## VENUE

### 10.

Venue in this case is proper under 28 U.S.C. § 139 (b) in that Defendants are legal entities in this judicial district and/or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## ADMINISTRATIVE REQUIREMENTS

### 11.

Plaintiff filed a charge of discrimination with the EEOC dated January 9th, 2014 and numbered 410-2014-01482. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts and allegations of said EEOC charge. A copy of the same is attached hereto as Exhibit "A".

### 12.

Plaintiff received a Notice of Right to Sue dated August 26, 2014 from the EEOC on or about August 28, 2014. A copy of the same is attached hereto as Exhibit "B".

### 13.

This action has been brought within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTS

### 14.

Plaintiff was hired as an associate magistrate judge in Upson County in 1991. At the time of Plaintiff's hire, there was a Federal Order mandating the appointment of a minority associate magistrate judges by Judge Wilbur D. Owens, Jr. (hereinafter "Judge Owens"). Plaintiff served as magistrate judge without his appointment ever been consented or approved by the Superior Court Judges from 1991 through 2013.

### 15.

As judge, Plaintiff would have a police officer named Phillip Tobin (hereinafter "Officer Tobin") seek warrants in Plaintiff's courtroom. On many occasions, Officer Tobin would seek criminal arrest warrants from Plaintiff without providing any probable cause. Often times, Officer Tobin would give false or fabricated evidence, which led Plaintiff to deny arrest warrants. Plaintiff has scolded Officer Tobin in open court for providing false or misleading information.

### 16.

Chief Magistrate Judge Danny Bentley (hereinafter "Judge Bentley") and Plaintiff met with Officer Tobin's boss, Chief of Police, Dan Greathouse

(hereinafter "Greathouse"). Judge Bentley and Plaintiff explained their experiences and concern with Officer Tobin. However, Greathouse did not take any action towards Officer Tobin for providing false information to Judge Bentley and Plaintiff. Judge Bentley banned Officer Tobin from the magistrate court and thus, his criminal warrants had to be sought by Judge Edwards, Judge Sams, Judge Hankinson, or Judge Crawford. Plaintiff and Judge Bentley banned Officer Tobin to protect the public from illegal warrants. Upon information and belief, Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford were upset with Plaintiff for banning Officer Tobin. The banning of Officer Tobin increased the workload of Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford.

17.

Upon information and belief, The Board, Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford agreed to have Plaintiff removed from his position as magistrate judge. Upon information and belief, Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford wanted to replace Plaintiff with a Caucasian woman name Jan Streetman (hereinafter "Streetman").

18.

Upon information and belief, Judge Crawford and Streetman met with attorney David Dunaway (hereinafter "Dunaway") to discuss removing Plaintiff from office. Dunaway is the same attorney who represented The Board in the discrimination lawsuit. Upon information and belief, Judge Crawford continues to hold racial animosity towards Plaintiff because Judge Owens required The Board to hire Plaintiff.

19.

In 1991, Judge Crawford served in the Georgia General Assembly as a representative for Upson County. During such time, Vivian Hammock (hereinafter "Hammock") served as Chief Magistrate Judge for Upson County.  Judge Crawford advised Hammock that Judge Owens did not have authority to require The Board to hire Plaintiff. Plaintiff had to file a grievance with the Georgia Supreme Court because Hammock refuse to allow Plaintiff to do his job as judge. The Georgia Supreme Court forced Hammock to allow Plaintiff to do his job as magistrate judge.

20.

On or about July 23rd, 2013, Plaintiff received a letter from the Judicial Qualifications Commission (hereinafter "JQC") questioning his

appointment. Upon information and belief, The Board, Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford intentionally made false complaints about Plaintiff to the JQC. Upon information and belief, The Board, Judge Edwards, Judge Sams, Judge Hankinson, and Judge Crawford falsely stated that Plaintiff was not properly admitted as a magistrate judge. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts stated in the letter. The letter is asking Plaintiff to send documents approving his appointment as Magistrate Judge. The letter is attached as Exhibit C.

21.

On or about July 29th, 2013, Judge Bentley sent a letter to Judge Edwards. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts stated in the letter. Judge Bentley is asking Judge Edwards to accept Plaintiff as the appointment as an associate Magistrate in the Upson County Magistrate Court. The letter is attached as Exhibit D.

22.

On or about July 30th, 2013, Judge Edwards sent an email to Judge Sams, Judge Crawford, and Judge Hankinson. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts stated in the email.

Judge Edwards is asking that the Judges vote to accept Plaintiff as the magistrate judge. The email is attached as Exhibit E.

23.

On or about August 5th, 2013, Judge Bentley received a letter from Judge Edwards. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts stated in the letter. The letter states that Plaintiff was not approved by the majority vote of the Judges. The letter is attached as Exhibit F. Plaintiff is fired from his position as magistrate judge because he is an African-American man. Furthermore, Plaintiff is fired from his position because he refused to allow Officer Tobin in his courtroom to obtain warrants. The Board approved and ratified the action of Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams.  Plaintiff received a separation notice on August 20th, 2013. Plaintiff adopts by reference, and incorporates as if set out verbatim herein, the facts and allegations of said separation notice.  A copy of the same is attached hereto as Exhibit "G".

## THEORIES OF RECOVERY

## Count I

## Title VII – Race, Color, Gender National Origin, and Retaliation 42 U.S.C. §§ 200e, et seq., and 42 U.S.C. 1981A ("Title VII")

24.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

25.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actions as set out above constitute an actionable violation of Title VII of the Civil Rights Act of 1964, as amended.

26.

As a result of the Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

27.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT II

### The Civil Rights Act of 1866
### 42 U.S.C. § 1981 ("1981")

28.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

29.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams  actions as set out above constitute an actionable violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").

30.

As a result of The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of the jury.

31.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT III

**The Age Discrimination in Employment Act of 1967
29 U.S.C. §§ 621 et seq. ("ADEA")**

32.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

33.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actions as set out above, constitute an actionable violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA").

34.

As a result of The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

35.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT IV

## Equal Protection under the 14th Amendment

36.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

37.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams Defendant's actions as set out above, constitute an actionable violation of Equal Protection Clause under the 14th Amendment of the United States Constitution.

38.

As a result of The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

39.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT V

### The Civil Rights Act of 1877
### 42 U.S.C. § 1983 ("1983")

40.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

41.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams  actions as set out above, constitute an actionable violation of The Civil Rights Act of 1877, 42 U.S.C. § 1983.

42.

As a result of The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

43.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT VI

## 2nd AMENDMENT OF THE UNITED STATE CONSTITIUON

44.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

45.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actions as set out above, constitute an actionable violation of The 2nd Amendment of the United States Constitution.

46.

As a result of The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actionable conduct, Plaintiff is entitled to damages – general, compensatory, liquidated, and punitive – in an amount to be proven at trial and awarded according to the enlightened conscience of a jury.

47.

Plaintiff is also entitled to an award of litigation expenses and attorney's fees according to relevant law.

## COUNT VII

## PUNITIVE DAMAGES

48.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

49.

The Board, Judge Crawford, Judge Edwards, Judge Hankinson, and Judge Sams actions constitutes willful misconduct, demonstrating wantonness, oppression, and the entire want of care which would raise the presumption or conscious indifference to the consequences that entitle Plaintiff to recover punitive damages pursuant to the punitive damage provisions of the statuary causes of action hereinabove stated.

## COUNT VIII

## Attorney's Fees and Expenses

### 50.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

### 51.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays as follows:

1. that Summons issue and Defendants be served as by law provided;

2. that Plaintiff be awarded judgment in his favor with respect to all contentions in his Complaint;

3. that Plaintiff be awarded actual and liquidated damages as proven at trial;

4. that Plaintiff be awarded nominal damages in an amount to be determined by the enlightened conscience of an impartial jury;

5.  that Plaintiff be awarded compensatory damages for mental and emotional suffering in an amount to be determined by the enlightened conscience of an impartial jury;

6.  that Plaintiff be awarded back pay;

7.  that Plaintiff be reinstated to his employment position;

8.  that Plaintiff be awarded front pay if reinstatement is not possible;

9.  that Plaintiff be awarded punitive damages in an amount to be determined by a jury at trial to be sufficient to prevent such conduct as alleged herein from occurring in the future and commensurate with the harm done to Plaintiff;

10. that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

11. that all issues triable by jury be tried by a jury;

12. that all cost of this action be taxed to Defendant; and

13. for such other and further relief as unto this Court may seem just and equitable in the premises.

Respectfully submitted this Saturday, October 04, 2014

s/ Michael O. Mondy
Michael O. Mondy, Esq.
Georgia Bar No. 897950

Attorney for Plaintiff

**MICHAEL O. MONDY, P.C.**
925B Peachtree Street NE #329
Atlanta, Georgia 30309
Office: 404.492.9568
Facsimile: 404.492.7074
mondy@mondypc.com